**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| TERRENCE L DAVIS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:17-CV-00178-RWS |
| | § | |
| v. | § | |
| | § | |
| LORIE DAVIS, DIRECTOR OF TDCJ; | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

Petitioner Terrence L. Davis, a prisoner confined at the Ferguson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, petitioned for writ of habeas corpus under 28 U.S.C. § 2254. The Court referred that petition to the Honorable Caroline Craven, who recommended it be denied. Petitioner objected. Docket No. 26. After *de novo* review, those objections are **OVERRULED**, and the petition is **DENIED**.

First, sufficient evidence supports Petitioner's conviction. He contends there was no evidence to support his conviction for aggravated robbery, but on direct appeal and in the state habeas proceedings, the state courts determined that there was sufficient evidence. Because a rational trier of fact could have found the essential elements of the offense of aggravated assault beyond a reasonable doubt, the state court's findings were not objectively unreasonable. *Jackson v. Virginia*, 443 U.S. 307, 320 (1979).

Second, Petitioner's ineffective assistance claims fail. He contends that his attorney provided ineffective assistance of counsel for two reasons: failing to raise a speedy trial claim and failing to investigate, hire an expert witness, interview witnesses and call witnesses to testify at trial. Neither reason is persuasive. For the speedy-trial issue, Petitioner's counsel filed a motion

for a speedy trial on October 22, 2014. The trial court did not rule on that motion, but trial commenced a few months later. Regardless, because counsel raised the speedy trial claim, this claim of ineffective assistance of counsel lacks merit. On the remaining issues, the trial court found that Petitioner did not meet the *Strickland* standard of proving counsel performed deficiently or that the allegedly deficient performance prejudiced Petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The trial court's findings were a reasonable application of *Strickland*. *See Harrington v. Richter*, 526 U.S. 86, 101 (2011).

Third, Petitioner's *Brady* claims fail. *See Brady v. Maryland*, 373 U.S. 83 (1963). He alleges that the prosecutor withheld information that Toni Rutledge had made a voice identification of Petitioner. To prevail on a *Brady* claim, a petitioner must prove that the prosecution suppressed evidence that is materially favorable to the accused because it is exculpatory or impeaching. *Stickler v. Greene*, 527 U.S. 263, 281–82 (1999). On state habeas review, the trial court found that the prosecutor did not have a duty under *Brady* to disclose the voice identification prior to trial because it was not exculpatory and could not have been used by Petitioner for impeachment purposes. The state court's rejection of this claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law.

Fourth, Petitioner's actual-innocence claim is unavailing. He attempts to raise a freestanding claim of actual innocence, which is not a ground for federal habeas relief. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir. 2013); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). In any event, the claim lacks merit because Petitioner did not present any newly discovered evidence that would have resulted in his acquittal.

Fifth, Petitioner is not permitted leave to plead his newly added claims. For the first time in his objections, Petition claims that (1) he was denied due process because the voice identification was impermissibly suggestive, in violation of *Neil v. Biggers*, 409 U.S. 188, 200-201 (1972); that (2) he was denied his Sixth Amendment right to counsel because the voice identification was made outside the presence of defense counsel; and that (3) counsel provided ineffective assistance for failing to object that the jury instructions did not include an instruction on lesser-included offenses. Because these claims were not raised in prior pleadings, the Court construes the objections as a motion for leave to amend the petition.

Rule 12 of the Rules Governing Section 2254 Proceedings provides that the Federal Rules of Civil Procedure apply to § 2254 motions, as long as they are not inconsistent with any statutory provisions or the Rules Governing Section 2254 Proceedings. Therefore, Petitioner's ability to amend the petition is governed by Rule 15 of the Federal Rules of Civil Procedure. *United States v. Saenz*, 282 F.3d 354, 355 (5th Cir. 2002).

Because the respondent has served a responsive pleading more than 21 days before Petitioner's objections, Petitioner may only amend by leave of court or with the respondent's written consent. *See* FED. R. CIV. P. 15(a)(2). The respondent has not consented to the amendment in writing, so Petitioner must have leave of court to amend. In determining whether to grant leave to amend, the Court must consider the following factors: (1) whether permitting the pleading will cause undue delay in the proceedings or undue prejudice to the nonmovant, (2) whether the movant is acting in bad faith or with a dilatory motive, (3) whether the movant has previously failed to cure deficiencies by prior pleadings and (4) if the proposed pleading is futile. *United States ex rel. Willard v. Humana Health Plan*, 336 F.3d 375, 386–87 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

There is no indication that the respondent acted in bad faith or that granting the motion would cause the respondent undue prejudice. But allowing Petitioner to amend at this point would necessarily cause delay. Further, it would be futile to allow Petitioner to amend because the new grounds for review were not exhausted in the state courts. *See* 28 U.S.C. § 2254(b) (requiring prisoners to exhaust available state remedies before proceeding in federal court unless there are circumstances that render the state corrective process ineffective to protect the prisoner's rights). Therefore, Petitioner is denied leave to amend.

Additionally, in this case, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires a petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, a petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, a petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and

the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. The factual and legal questions advanced by Petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

\*\*\*

Accordingly, Petitioner's objections (Docket No. 26) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge (Docket No. 24) is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation. A certificate of appealability will not be issued.

**So ORDERED and SIGNED this 28th day of July, 2020.**

*[signature: Robert W Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE